UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| AUTUMN HILGER,<br><br>Plaintiff,<br><br>vs.<br><br>UNITED STATES GOVERNMENT,<br><br>Defendant. | 5:22-CV-05024-RAL<br><br>OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Plaintiff Autumn Hilger sued the United States Government to recover for injuries she suffered when she slipped and fell while visiting Mount Rushmore in November 2020. Doc. 1. The Government moved to dismiss the complaint. Doc. 14. This Court now grants the motion to dismiss.

I.  **Background**[1]

On November 15, 2020, Autumn Hilger was in South Dakota on vacation from her home state of Idaho and visited the Mount Rushmore National Memorial (Mount Rushmore).[2] Doc. 1 at ¶ 6. Mount Rushmore is a national park operated by the National Park Service (NPS), which is

---

[1] Hilger's complaint is light on facts. Doc. 1. Hilger's FTCA administrative claim, which she attached to her complaint, provides more context. Doc. 1-1. This Court considers the facts alleged in the complaint, as well as those facts alleged in the attached administrative claim. See Quinn v. Ocwen Fed. Bank FSB, 470 F.3d 1240, 1244 (8th Cir. 2006) ("Written instruments attached to the complaint become part of it for all purposes. For that reason, a court ruling on a motion to dismiss under Rule 12(b)(6) may consider material attached to the complaint.") (cleaned up and citations omitted).

[2] This Court has on a previous occasion reviewed the history of Mount Rushmore. See Noem v. Haaland, 542 F. Supp. 3d 898, 906–07 (D.S.D. 2021).

1

an agency within the United States Department of Interior. Doc. 1 at ¶ 2. At the time of Hilger's visit, the concrete entrance and walkway to the monument were under renovation. Doc. 1 at ¶ 6–7; Doc. 1-1 at 7. Because of the construction project, a temporary dirt walkway existed to the side of the regular walkway. Doc. 1 at ¶ 7; Doc. 1-1 at 7. NPS employees had placed green matting over the dirt path. Doc. 1-1 at 7. Hilger remembers that at the time "there was snow on the ground and moisture on the green matting." Doc. 1-1 at 7.

As Higler exited the monument, she descended the temporary walkway in the direction of the parking lot. Doc. 1-1 at 7. When she was about halfway down the walkway, Hilger slipped and fell on the green matting. Doc. 1-1 at 7. Hilger reached out her right hand to try and break her fall, and when she landed, she broke her right wrist. Doc. 1-1 at 7. Hilger's broken wrist later required surgery and physical therapy, and still has not fully healed. Doc. 1-1 at 7. Hilger alleges that her fall on the green matting and subsequent injuries resulted from negligence by NPS employees. Doc. 1 at ¶¶ 8–9.

On July 15, 2021, Hilger filed an administrative claim under the Federal Tort Claims Act (FTCA) against the Department of Interior seeking two million dollars in personal injury damages. Doc. 1-1. In essence, Hilger alleged that the NPS owed her a duty of reasonable care as a business visitor under South Dakota law and that NPS breached its duty by negligently installing an unsafe temporary walkway at Mount Rushmore. Doc. 1-1 at 8. Hilger alleged she has and will continue to suffer injuries to her body and mind, which are permanent and disabling, because NPS employees installed an unsafe walkway, failed to provide a handrail to assist users of the walkway, and failed to warn visitors of the dangerous condition of the walkway that might cause someone to fall. Doc. 1-1 at 8.

The Government reviewed and denied Hilger's claim, citing a lack of evidence of "any negligent or wrongful act of a federal government employee" and "statutory exceptions" that shield "actions associated with managing and operating national parks" from FTCA liability. Doc. 1-1 at 10. This lawsuit ensued.

## II.     Legal Standard

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Courts must accept the plaintiff's factual allegations as true and make all inferences in the plaintiff's favor, but need not accept the plaintiff's legal conclusions. Retro Television Network, Inc. v. Luken Commc'ns, LLC, 696 F.3d 766, 768–69 (8th Cir. 2012). Although detailed factual allegations are unnecessary, the plaintiff must plead enough facts to "state a claim to relief that is plausible on its face[,]" meaning "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Therefore, the "factual allegations must be sufficient to raise a right to relief above the speculative level." Cook v. George's, Inc., 952 F.3d 935, 938 (8th Cir. 2020) (cleaned up and citation omitted).

On a motion to dismiss under Rule 12(b)(1), however, the standard depends on whether the defendant is making a facial attack or factual attack on subject matter jurisdiction. Stalley v. Cath. Health Initiatives, 509 F.3d 517, 520–21 (8th Cir. 2007). When a defendant makes a facial attack to challenge whether the facts alleged in the complaint establish subject matter jurisdiction under Rule 12(b)(1), the plaintiff is afforded similar safeguards as in a Rule 12(b)(6) motion. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). Namely, the Court must "accept

3

as true all factual allegations in the complaint, giving no effect to conclusory allegations of law," and determine whether the plaintiff's alleged facts "affirmatively and plausibly suggest" that jurisdiction exists. Stalley, 509 F.3d at 521. A court's review then is limited to the face of the pleadings. Branson Label, Inc. v. City of Branson, 793 F.3d 910, 914 (8th Cir. 2015).

When a defendant attacks the factual basis for subject matter jurisdiction, a court can consider matters outside the pleadings, "and the non-moving party does not have the benefit of 12(b)(6) safeguards." Osborn, 918 F.2d at 729 n.6. "A factual attack occurs when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction." Davis v. Anthony, Inc., 886 F.3d 674, 679 (8th Cir. 2018) (cleaned up and citation omitted). In that case, "no presumptive truthfulness attaches to the plaintiff's allegations," and a "court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." Osborn, 918 F.2d at 730 (citation omitted).

### III.  Discussion

The Government has moved to dismiss the complaint for failure to state a claim upon which relief may be granted under Rule 12(b)(6) and for lack of subject matter jurisdiction under Rule 12(b)(1). Doc. 14; Doc. 15. The Government argues that Hilger's claims against the United States are barred by the discretionary function exception to the FTCA and South Dakota's recreational use statutes. Even if Hilger's claims are not barred, the Government argues the case must be dismissed because Hilger has not plead sufficient facts to support that the Government was negligent.

Hilger's brief in opposition to the motion to dismiss, Doc. 20, argues that "[t]he government's deficiencies in installing and maintaining the temporary walkway do not fall within the discretionary function exception to the FTCA" and that the "South Dakota Recreational Use

Statute does not provide liability protection to the government in the instant case" because the Government receives an economic benefit by operating Mount Rushmore. Doc. 20. at 1. Hilger did not specifically respond to the Government's argument regarding whether she plead facts upon which relief may be granted, see Doc. 20 so the Government contends that its arguments on that issue should be considered conceded, Doc. 23 at 1.

Whether this suit is barred by the discretionary function exception to the FTCA is "jurisdictional in nature," F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994), so this Court must address that issue first, see also United States v. Mitchell, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction"). This is the only issue the Court considers, because Hilger's claims are barred by the discretionary function exception.

It is a "fundamental rule that the United States cannot be sued without a waiver of its sovereign immunity." Dykstra v. U.S. Bureau of Prisons, 140 F.3d 791, 795 (8th Cir. 1998). "The FTCA waives sovereign immunity and allows suits against the United States for personal injuries caused by governmental employees acting within the scope of their employment." Id. (citing 28 U.S.C. § 1346(b)). In other words, "[t]he FTCA waives the government's immunity in certain tort suits by providing that the 'United States shall be liable for torts . . . in the same manner and to the same extent as a private individual under like circumstances.'" Sorace v. United States, 788 F.3d 758, 763 (8th Cir. 2015) (quoting 28 U.S.C. § 2674) (cleaned up). There are exceptions, however, to the FTCA's broad waiver of sovereign immunity. As relevant here, "the government is not liable for 'any claim . . . based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion involved be abused.'" Chantal v. United States, 104

F.3d 207, 210 (8th Cir. 1997) (quoting 8 U.S.C. § 2680(a)). This is the discretionary function exception to the FTCA, which "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." Berkovitz by Berkovitz v. United States, 486 U.S. 531, 536 (1988) (citation omitted). If the discretionary function exception applies here, Hilger's suit is barred. Herden v. United States, 726 F.3d 1042, 1046 (8th Cir. 2013)

To determine whether the discretionary function exception applies, courts must apply a two-step test. Hinsley v. Standing Rock Child Protective Servs., 516 F.3d 668, 672 (8th Cir. 2008); Berkovitz, 486 U.S. at 536. The first step requires a court to consider whether the action involves "an element of judgment or choice." Metter v. United States, 785 F.3d 1227, 1230 (8th Cir. 2015) (quoting United States v. Gaubert, 499 U.S. 315, 322 (1991)) (cleaned up). To determine whether an action involves an element of judgment or choice, a court should consider whether the relevant statutes and regulations mandate a specific course of action. Dykstra, 140 F.3d at 795. If the relevant statutes and regulations mandate a specific course of action, the agency has no discretion and thus the exception does not apply. Id. But if under the first step the action is discretionary, the court moves to the second step and considers whether that judgment or choice "is of the kind that the discretionary function was designed to shield." Metter, 785 F.3d at 1230–31 (cleaned up and citations omitted). The discretionary function exception is intended to protect decisions "grounded in social, economic, or political policy." Dykstra, 140 F.3d at 795. In other words, the exception "protects only governmental actions and decisions based on considerations of public policy." Berkovitz, 486 U.S. at 537.

To decide "whether the challenged conduct or omission is truly discretionary," Herden, 726 F.3d at 1046, this Court must first define the challenged conduct with greater specificity, see

Berkovitz, 486 U.S. at 540 (1988) (holding that courts are to review the "specific allegations of agency wrongdoing"); Young v. United States, 769 F.3d 1047, 1053 (9th Cir. 2014) ("To identify the particular agency conduct with which Plaintiffs take issue, we look to the allegations of Plaintiffs' complaint."). Hilger's complaint alleges three instances of negligent conduct by NPS employees, all having to do with the temporary walkway installed during contraction at Mount Rushmore. Doc. 1 at ¶ 8. Hilger claims that NPS employees negligently installed the temporary walkway, negligently failed to inspect and maintain the walkway in a reasonably safe condition, and failed to reasonably warn monument visitors and customers of the dangerous condition that allegedly existed on the walkway. Doc. 1 at ¶ 8. These allegations challenge three specific actions (or inaction) by NPS employees, and typically this Court would assess whether any of these three challenged actions were truly discretionary. In briefing, however, Hilger concedes "there is not any evidence at this juncture of this case showing that there is a federal statute, regulation, or policy specifically prescribing a course of action" regarding the temporary walkway. Doc. 20 at 5. Effectively, Hilger has conceded that NPS had discretion regarding how it installed, maintained, and warned of potential dangers regarding the walkway.

Hilger instead argues under the second step of the test that the challenged conduct does not implicate the kind of public policy decisions the exception was designed to protect. Doc. 20 at 6. Hilger relies heavily on Cope v. Scott, 45 F.3d 445 (D.C. Cir. 1995), but here the "facts are different, and Cope is not binding." Metter, 785 F.3d at 1232 (declining to follow Cope). This Court is instead guided by the purpose of the discretionary function exception: "The exception exists to protect the discretion of the executive or the administrator to act according to one's judgment of the best course, and to prevent judicial second-guessing of legislative and administrative decisions grounded in social, economic, and political policy." Layton v. United

States, 984 F.2d 1496, 1499 (8th Cir. 1993) (cleaned up and citations omitted). Moreover, "[t]here is a presumption that discretion is grounded in policy considerations, which the plaintiff must rebut." Alberty v. United States, No. 22-1872, 2022 WL 17348829, at *2 (8th Cir. Dec. 1, 2022).

      Precedent from the United States Court of Appeals for the Eighth Circuit prompts this Court to conclude that the decisions whether and how to create the temporary walkway and whether to post warning signs are susceptible to policy analysis and thus protected by the discretionary function exception. The decision to construct the temporary walkway involved considerations of public safety, preservation of park resources, visitor access, and cost. Doc. 15 at 9. The Government's decision to create a temporary walkway so that Mount Rushmore could remain open to visitors, albeit with the nuisance of on-site construction, was colored by policy considerations. It is not for this Court to second guess whether closing off visitor access to Mount Rushmore during renovations would have been a preferable, safer alternative in this instance. Just because, as Hilger notes, the walkway was to be removed as soon as the construction was finished, see Doc. 20 at 4, does not mean the Government's decision to install the walkway was not grounded in policy. The temporary walkway allowed visitors to experience the monument who otherwise could not have had it been closed for renovation. Whether the construction project's disruption to Mount Rushmore should have been accompanied by some unknown number of warning signs is also a decision grounded in policy. This is precisely the sort of decision that has been previously guarded by the discretionary function exception. See Alberty, 2022 WL 17348829, at *4. ("We have repeatedly characterized discretion over safety warnings 'as susceptible to policy choice due to the need to balance safety against governmental efforts and costs and the need for professionals on the ground to adapt to the conditions they face in determining how to expend limited resources in the efforts to identify dangers.'") (citation

omitted); Demery v. U.S. Dep't of Interior, 357 F.3d 830, 834 (8th Cir. 2004) ("The . . . decision (whether to warn or not) is susceptible to a policy analysis that weighs the benefits of warning (e.g., increased safety) with its costs (e.g., the cost of erecting warnings).").

Whether the discretionary function exception applies to the Government's alleged failure to maintain the walkway in safe condition once it was created is a closer call. Allowing the discretionary function exception to shield the Government from seemingly ordinary negligence claims threatens to swallow the broad waiver of sovereign immunity granted by the FTCA.[3] See generally ARA Leisure Servs. v. United States, 831 F.2d 193, 196 (9th Cir. 1987) (holding that application of discretionary function exception to purely budget decisions would threaten to "swallow the Federal Tort Claims Act," because "[b]udgetary constraints underlie virtually all governmental activity."). "The contours of the discretionary function cannot be defined with precision," however, and "each case must be analyzed individually . . . ." Aslakson v. United States, 790 F.2d 688, 691 (8th Cir. 1986). "[W]hen the steps in the execution of a policy choice

---

[3] As noted in Walters v. United States, the discretionary function exception is, in a sense, at odds with holding government accountable:
> Unfortunately, the discretionary function exception is not about fairness:
>> Application of the exception is often troubling, because it may be a shield for carelessness and poor judgment. . . . Private actors generally must pay for the harm they do by carelessness. The government's power to tax enables it, better than any private actor, to perform its conduct with reasonable care for the safety of persons and property, and to spread the cost over all the beneficiaries if its conduct negligently causes harm. Fairness might seem to suggest that the government should be liable more broadly than private actors. *But at its root, the discretionary function exception is about power, not fairness.* The sovereign has, by the exercise of its authority, reserved to itself the right to act without liability for misjudgment and carelessness in the formulation of policy.

474 F.3d 1137, 1140 (8th Cir. 2007) (quoting Nat'l Union Fire Ins. v. United States, 115 F.3d 1415, 1422 (9th Cir. 1997)) (emphasis added); see also Mound v. United States, No. 1:21-CV-081, 2022 WL 1059471, at *14 (D.N.D. Mar. 15, 2022) ("[The discretionary function exception] to federal tort liability is a concept that needs to be eroded and is in dire need of a correction.").

also require policy judgments, they too are protected by the discretionary function exception." Layton, 984 F.2d at 1505.

The Government's decisions regarding the maintenance of the temporary walkway were grounded in policy considerations. As the Government puts it and without refutation from Hilger, the "NPS undertook this restoration project to protect the physical integrity of the facilities, provide a safe and esthetically pleasing environment for park visitors, while minimally intruding upon the natural and historic setting of the Memorial." Doc. 23 at 4. The Government's decisions regarding inspection and maintenance of the walkway were governed by these considerations, as well as by cost. Doc. 23 at 5. Hilger takes issue with how NPS "chose to use a beach mat . . . in cold wintery weather," Doc. 20 at 6, but given the circumstances, that was NPS's decision to make. NPS had to balance maintaining the temporary walkway with its other responsibilities, including keeping the park open to the public, serving thousands of visitors, completing the construction project, and preserving Mount Rushmore's aesthetic and cultural significance. Whether they should have balanced those responsibilities differently is not something this Court may decide according to well-established precedent on the discretionary function exception to the FTCA.

### IV.    Conclusion

Hilger's claims against the United States are barred by the discretionary function exception to the FTCA, so this Court does not have jurisdiction to hear this case. It is accordingly unnecessary to address whether Hilger has stated a plausible claim under Rule 12(b)(6) or whether her claims are barred by South Dakota's recreational use statute. For the reasons state above, it is

ORDERED that the United States' Motion to Dismiss, Doc. 14, is granted.

DATED this 29th day of December, 2022.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE